UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ROSA M. VILLEGAS, an individual; and GERARDO CHAVEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a United States Corporation; CAL-WESTERN RECONVEYANCE CORPORATION, a California Corporation; and DOES 1-20, inclusive,<br><br>Defendants.<br>_____/ | No. C 12-02004 LB<br><br>**ORDER GRANTING WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**<br><br>[Re: ECF No. 15] |

## I. INTRODUCTION

In April 2012, Plaintiffs Rosa M. Villegas and Gerardo Chavez sued Wells Fargo Bank, N.A.,[1] alleging that Wells Fargo violated California state law by misrepresenting and concealing the terms of their January 2008 home loan so that Plaintiffs thought they were getting a 30-year mortgage that would pay off the principal. Instead, Plaintiffs allege that they actually got an interest-only loan for 120 months with an interest payment that did not even cover accrued interest, let alone pay down the

---

[1] Plaintiffs' original complaint also named Cal-Western Reconveyance Corp. as a Defendant. *See* Compl., ECF No. 1-2 at 26. Plaintiffs' First Amended Complaint only names Wells Fargo Bank, N.A. and Does 1-20 as Defendants. *See* ECF No. 13.

principal. *See* Compl., ECF No. 1-2; First Amended Complaint ("FAC"), ECF No. 13.[2] Wells Fargo filed a motion to dismiss, arguing that the statute of limitations bars all claims and that in any event, Plaintiffs failed to state claims under Federal Rule of Civil Procedure 12(b)(6) or allege fraud with particularity under Rule 9(b).

The court finds this matter to be suitable for determination without oral argument and vacates the July 19, 2012 hearing. *See* Civil Local Rule 7-1(b). The court GRANTS Wells Fargo's motion and dismisses the complaint without prejudice and with leave to amend.[3]

## II. BACKGROUND

The relevant facts are from the FAC, the court's judicial notice of certain public records,[4] and the promissory note referenced in the FAC.[5]

On January 25, 2008, Plaintiffs purchased property located at 15841 Via Toledo, San Lorenzo, in

---

[2] Citations are to the Electronic Case File (ECF) with pin cites to the electronic page stamps at the top of the page (as opposed to the parties' numbering at the bottom of the page).

[3] All parties have consented to the undersigned's jurisdiction. Consent (Wells Fargo), ECF No. 10; Consent (Plaintiffs), ECF No. 11. The amount in controversy is greater than $75,000, Plaintiffs are residents of California and Wells Fargo resides in South Dakota, *see* ECF No. 1-2, and thus the court has subject-matter jurisdiction based on diversity jurisdiction. *See* 28 U.S.C. § 1332.

[4] Wells Fargo asks the court to take judicial notice of a grant deed that was recorded on January 31, 2008 in the Official Records of Alameda County as document number 2008023264. Request for Judicial Notice Ex. A, ECF No. 16 at 4-5. The court may take judicial notice of undisputed facts in public records like these without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011). Plaintiffs did not object to Wells Fargo's request or challenge the authenticity of the records.

[5] The note is attached as an exhibit to Plaintiff's first complaint. *See* ECF No. 1-4 Ex. E. The court may consider documents whose authenticity is not challenged and upon which a plaintiff's complaint depends without converting a motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005). The FAC depends upon the promissory note Plaintiffs signed in connection with their mortgage, so the court may properly take judicial notice of the facts contained in it, too. *See also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

Alameda County, California. FAC, ECF No. 13, ¶ 9; Request for Judicial Notice ("RJN") Ex. A, ECF No. 16 at 4. To finance the purchase, Plaintiffs obtained a mortgage from Wells Fargo and signed a Promissory Note for $341,600.00,[6] which was secured by the property. *Id.* ¶ 13

Plaintiffs allege that Wells Fargo and a loan broker called Atlas Financial Services (the "Loan Originators") told them that the loan contained certain terms but actually, it contained very different terms. *Id.* ¶ 21. For example, the Loan Originators allegedly told Plaintiffs that the mortgage was a fixed-rate 30-year loan with minimum monthly payments of $1885.92 and that Plaintiffs – by paying the minimum monthly payment – would pay off the balance of the loan at the end of the 30 years (and thus would accrue equity in the property along the way). *Id.* ¶¶ 21, 27, 43, 57, 67. Instead, the fixed monthly payments of $1,885.92 were only for 120 months, were "interest only" payments, did not even cover the interest that accrued on the loan, and did not reduce the loan principal. *Id.* ¶¶ 17, 43, 57. Also, at the end of the 120-months in March 2018, the interest rate and monthly payments would increase substantially. *Id.* ¶¶ 43, 57. Finally, Plaintiffs allege that the Loan Originators did not inform them that the loan also included prepayment penalties. *Id.* ¶ 57.

The promissory note that Plaintiffs actually signed contains the following relevant sections. *See* Ex. E to initially-filed complaint, ECF No. 1-4.

> I will make a payment every month on the first day of each month beginning on March 1, 2008. Before the first fully amortizing principal and interest payment due date, my monthly payments will be only for the interest due on the unpaid principal of the Note. The due date of my first payment including fully amortizing principal and interest is the first day of March 2018.
>
>     \*        \*        \*        \*
>
> My monthly payment will be in the amount of U.S. $1,885.92, until the due date of the first fully amortizing principal and interest payment. Beginning with the first

---

[6] The FAC alleges, apparently in error, that Plaintiffs signed a promissory note for "$341,1200.00." FAC, ECF No. 13, ¶ 13. In its Motion to Dismiss, Wells Fargo states that "Plaintiffs borrowed $341,600 in purchase money funds from Wells Fargo." Mot., ECF No. 15 at 9 (citing FAC ¶ 13). Plaintiffs do not dispute Wells Fargo's statement in their Opposition. Opp'n, ECF No. 19. The copy of the Note filed with the court is too poorly rendered for the court to make out the exact figure. Nonetheless, the court notes that Plaintiffs' original Complaint also alleges that Plaintiffs signed a "Note in the amount of $341,600.00." Compl., ECF No. 1-2, ¶ 50. Accordingly, the court assumes for the purpose of this Motion that the FAC is in error and the Promissory Note in question was for $341,600.00.

> fully amortizing Principal and interest payment, my payment will be in the amount of U.S. $2,372.08
>
> \* \* \* \*
>
> I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note. I may make a full Prepayment or partial Prepayments without paying a Prepayment charge.

Note, ECF No. 1-4 at 1.

Plaintiffs say that they did not understand that they were signing a note with different terms than the Loan Originators had promised them. FAC, ECF No 13, ¶¶ 21, 26. The Loan Originators executed a classic bait-and-switch by promising them certain terms and then taking advantage of their "limited ability to read English," their "lack of understanding of the English language," and their "lack of knowledge of professional finance terminology" to induce them to sign the loan documents. *Id.* ¶¶ 15, 21, 23, 25. The documents had not been presented to Plaintiffs any time before they signed them, and no one explained any of the documents to them in Spanish. *Id.* ¶ 24. The only instruction was where to sign. *Id.* ¶ 26. Plaintiffs signed the note because they "reasonably relied on the promises made by their broker Atlas Financial Services" and "in reliance on the false representations" of the Loan Originators. *Id.* ¶¶ 22, 25. Had Plaintiffs known that the payment amounts were fixed only for 120 months, they would not have entered into the loan. *Id.* ¶ 27. The Loan Originators misrepresented, concealed, and failed to disclose the actual terms of the loan, thereby tolling the statute of limitations. *Id.* ¶ 30. Plaintiffs first learned of the alleged fraud and misrepresentations on or about January 2012 when they retained an attorney to defend against the foreclosure of their property and that attorney reviewed the loan documents. *Id.* ¶¶ 32-33. Plaintiffs had no reason to suspect any wrongdoing because of the existence of a fiduciary relationship with their broker Atlas Financial Services "where Plaintiffs placed a great deal of trust." *Id.* ¶ 33.

Plaintiffs also allege that Wells Fargo "improperly characterized Plaintiffs' account as being in default or delinquent status to generate unwarranted excessive fees," "ignored California non-judicial foreclosure statutes," and filed a false declaration in Alameda County Recorder's Office. *Id.*

¶ 43-45. Plaintiffs claim that they were forced to pay "unlawful foreclosure penalties over $1200.00." *Id.* ¶ 48.

On March 19, 2012 Plaintiffs filed suit in the Superior Court for the State of California in Alameda County. *See* Compl., ECF No. 1-2 at 26. Defendants removed the action to federal court on April 23, 2012. *See* Notice of Removal, ECF No. 1-2. Wells Fargo moved to dismiss Plaintiffs' complaint on April 30, 2012. Mot., ECF No. 6. Plaintiffs then filed the FAC, and Wells Fargo now moves to dismiss it. *See* FAC, ECF No. 13; Mot., ECF No. 15.

### III. LEGAL STANDARD

#### A. Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc.*

*v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to state-law claims grounded in fraud and requires a plaintiff to plead with particularity the circumstances constituting the fraud. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

## IV. DISCUSSION

Plaintiffs raise four state-law claims: (1) Wells Fargo's conduct is "unfair" and "fraudulent" in violation of California Business and Professions Code § 17200; (2) Wells Fargo fraudulently failed to disclose the material terms of the loan in violation of Civil Code § 1572; (3) Wells Fargo's conduct violated its contractual obligation of good faith and fair dealing; and (4) Plaintiffs thus are entitled to declaratory relief such that the power of sale in the deed of trust should have no effect and the property should remain in Plaintiffs' name during this litigation. FAC, ECF No. 14 at 7-16. Wells Fargo argues that all claims are barred by the statute of limitations, Plaintiffs did not plead facts establishing that the limitations period should be tolled, and Plaintiffs did not plead facts sufficient to state a claim. Mot., ECF No. 15 at 11-16.

## A. <u>Statute of Limitations</u>

The statute of limitations is four years for 17200 claims and claims asserting a breach of the implied covenant of good faith and fair dealing. Cal. Bus. & Prof. Code § 17208; Cal. Code Civ. Proc. § 337(1). The statute of limitations for a fraud claim is three years. Cal. Code Civ. Proc. § 338(d). The statute of limitations for a declaratory judgment cause of action is the same as the statute of limitations for the underlying cause of action. *See Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal. 2d 719, 733 (1944). And here, Plaintiffs took their loan (and the alleged misrepresentations occurred) in January 2008, but they did not file the lawsuit until March 2012, over four years later. The statute of limitations generally runs from the date that loan documents are executed. Thus, all claims are time-barred unless Plaintiffs establish grounds for extending the statute of limitations.

Under the discovery rule, the statute of limitations does not begin to run until the plaintiff discovers (or reasonably should discover) that he has been injured. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005); *Nogart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). Similarly, the statute of limitations may be equitably tolled if the borrower – despite due diligence – has not been able to discover the fraud or non-disclosures that form the basis for the action. *See King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

Plaintiffs assert that they did not discover the cause of action because they did not speak or understand English and did not understand the professional finance terminology. Opp'n, ECF No. 19 at 5. Also, they claim that Wells Fargo was required to and did not provide accurate translations of the terms of the note under California Civil Code § 1632. *Id.* They justifiably relied on their lender's misrepresentations about the loan terms and did not discover the fraud and the true terms until Wells Fargo started foreclosure and they hired a lawyer. *Id.* at 5-6. Thus, they conclude, their delay is excusable and their claims are timely.

The problem is that Plaintiffs plead no facts that show that they could not have discovered the fraud sooner. California courts have interpreted section 338(d), the fraud statute of limitations, as imposing a duty to exercise diligence to discover the facts constituting the fraud. *See Parsons v. Tickner*, 31 Cal. App. 4th 1513, 1525 (1995). Thus, a plaintiff is required to plead and prove facts

showing: (1) lack of knowledge; (2) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (3) how and when he did actually discover the fraud or mistake. *Id*. (citing 3 Witkin, Cal. Procedure, Actions § 454). "Under this rule constructive and presumed notice or knowledge are equivalent to knowledge. So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to . . . investigation . . . the statute commences to run." *Id*.; *see also Platt Elec. Supply, Inc. v. Eoff Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (quoting *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1528 (2006) ("Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation.").

    Here, Plaintiffs had the loan documents. A party has a duty to read the terms of a contract before signing it. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 971 (N.D. Cal. 2010) (citing *Fields v. Blue Shield of California*, 163 Cal. App. 3d 570, 578 (1985) and *Employee Painters' Trust v. J & B Finishes*, 77 F.3d 1188, 1192 (9th Cir. 1996)). Plaintiffs' lack of proficiency in English and lack of familiarity with finance law do not excuse them from exercising due diligence to discover their claims. *See Perez v. Wells Fargo Bank, N.A.*, No. C-11-02279 JSC, 2011 WL 3809808, at *14 (N.D. Cal. Aug. 29, 2011) ( "the allegation that they did not understand the terms of the contract they signed, whether due to language or lack of familiarity with the law, does not establish that Plaintiffs could not have learned of their claims through the exercise of due diligence"); *see also Nunez v. Bank of Am., N.A.*, No. C 11-0081 MMC, 2011 WL 2181326, at *1 (N.D. Cal. June 2, 2011) (equitable tolling did not preserve claims arising out of mortgage origination; plaintiffs, who were non-native English speakers who were not provided a translator during the mortgage negotiations, failed to plead facts showing due diligence); *Herrera v. Countrywide KB Home Loans*, No. C 10-0902-LHK, 2010 WL 3516100, at *2 (N.D. Cal. Sept. 8, 2010) (dismissing TILA claim as untimely and finding no equitable tolling despite plaintiffs' limited proficiency in English and unfamiliarity with mortgage transactions); *Akhavein v. Argent Mortg. Co.*, No. C 09-00634 RMW (RS), 2009 WL 2157522, at *3 (N.D. Cal. July 18, 2009) (same);

*Nevarez v. Wells Fargo, N.A.*, No. C-12-1660 JCS, 2012 WL 2428233 (N.D. Cal. June 26, 2012) (dismissing claims on statute of limitations grounds; discovery rule inapplicable where plaintiffs had loan documents but claimed inability to discover the loan terms due to limited English ability and unfamiliarity with legal terminology); *Hague v. Wells Fargo Bank, N.A.*, No. C 11 02366 THE, 2012 WL 1029668, at *5 (N.D. Cal., March 26, 2012) (dismissing as time-barred claims alleging that Wells Fargo misrepresented the terms of a loan; plaintiff could have discovered the alleged fraud through reasonable diligence by examining the loan papers); *Giordano v. Wachovia Mortg., FSB*, No. C 10-04661 JF, 2011 WL 1130523, at *3 (N.D. Cal. Mar. 25, 2011) (dismissing section 17200 and elder abuse claims as untimely; allegations that lender misrepresented and failed to disclose material terms of mortgage were insufficient to trigger discovery rule where the mortgage terms were disclosed in loan documents that plaintiffs signed).

Also, the fact that Plaintiffs did not know about their claims until they saw a lawyer does not alter the analysis. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 873 (N.D. Cal. 2010) (rejecting equitable tolling argument and dismissing claims where plaintiff failed to explain why she was unable to have loan documents examined by a forensic accountant before expiration of the statute of limitations).

Plaintiffs cite *Galindo v. Financo Fin., Inc.*, Case No. C 07-03991 WHA, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008), to show that a lender's representations to a borrower might support equitable tolling. That case, which involves a TILA action, is distinguishable. Galindo could not read at all and relied on the oral representations of the lender. That made the "verbal representations . . . even more critical than in the average consumer transaction." *Id.* Plaintiff tries to make the analogy to this case by suggesting that there is a fiduciary relationship here. Opp'n, ECF No. 19 at 5-6. But "'[a]s a general rule under California law, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" *Perez*, 2011 WL 3809808, at *16 (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (1991) and collecting cases).

*Galindo* also is distinguishable because the plaintiff there sought a short tolling from May 23, 2006 to July 2006, when she discovered the alleged misrepresentations about the terms of her

mortgage. *Id.* Here, Plaintiffs did not exercise due diligence until four years later. As in *Davenport*, Plaintiffs have not pleaded any facts suggesting that they could not have had an attorney review their loan documents before the statute of limitations expired.

Citing California Civil Code section 1632, Plaintiffs argue that Wells Fargo should have translated the loan document. That section provides that "[a]ny person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing" must "deliver to the other party to the contract . . . a copy of the contract . . . in the language that the contract was negotiated" before the contract is executed. But section 1632 does not alter the conclusion that Plaintiffs have not alleged facts showing that they exercised due diligence. First, Plaintiffs did not allege a claim under section 1632. If they had, section 1632 is subject to a one-year statute of limitations under California Code of Civil Procedure § 340(a), and Plaintiffs would need to allege facts support tolling of that statute, too. *See Perez*, 2011 WL 3809808, at *16. On its own, then, a section 1632 violation does not establish justifiable reliance or eliminate the Plaintiffs' due diligence obligations to discover the facts and their claims. Second, Plaintiffs have not alleged facts sufficient to support a section 1632 violation. The complaint is silent as to what language the contract was negotiated in. Also, section 1632 generally does not apply to loans secured by real property (except there is an exception for real estate loans negotiated exclusively by a real estate broker. *Id.* (citing Cal. Civil Code § 1632(b)(2) & (4); Cal. Bus. & Prof. Code § 10240 and collecting cases).

In sum, Plaintiffs signed a note with the terms of their loan and have not alleged facts showing that they could not have reasonably discovered the facts that support their claims.

The court also rejects Plaintiffs' argument that it is premature to decide on the pleadings the question of Plaintiffs' reasonable diligence. Opp'n, ECF No. 19 at 4-5. Federal courts routinely dismiss similar claims on statute of limitations grounds where reasonable diligence would have enabled plaintiffs to discover the wrongdoing. *See, e.g., supra* ¶. 8-9. But the court will give Plaintiffs leave to amend.

C 12-02004 LB
ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
10

### B. Failure to State a Claim

**1. Unfair Competition Law**

California Business & Professions Code § 17200, also known as California's "Unfair Competition Law," prohibits "any unlawful, unfair or fraudulent" business practices. Cal. Bus. & Prof. Code § 17200. "Since section 17200 is [written] in the disjunctive, it establishes three separate types of unfair competition. The statute prohibits practices that are either 'unfair'" or 'unlawful,' or 'fraudulent.'" *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003); *see also Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

Plaintiffs allege that Wells Fargo violated the UCL's "unfair" and "fraudulent" prongs. FAC, ECF No. 13, ¶ 41.[7]

*a. Plaintiffs' Claims Under the UCL's "Unfair" Prong*

There is disagreement among California courts regarding the definition of "unfair" business practices in consumer cases such as this. As the district court in *Phipps v. Wells Fargo* explained, there is a split of authority that has resulted in three different tests:

> The test applied in one line of cases requires "that the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Drum*, 182 Cal. App. 4th at 256, 106 Cal. Rptr.3d 46 (citing *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1260–1261, 39 Cal. Rptr.3d 634 (2006); *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th at 581, 595–596, 101 Cal. Rptr.3d 697 (2009); *Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 854, 128 Cal. Rptr.2d 389 (2002).
>
> \* \* \* \*
>
> A second line of cases applies a test to determine whether the alleged business practice "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Drum*, 182 Cal. App. 4th at

---

[7] Plaintiffs' complaint alleges only claims under the "unfair" and "fraudulent" prongs of section 17200, but there is an allegation that Wells Fargo "ignored California non-judicial foreclosure statutes 2924 et seq . . . ." *See* FAC, ECF No. 13, ¶¶ 41-43(h)(i). Plaintiffs' Opposition brief also mentions section 17200's "unlawful" prong. *See* Opp'n, ECF No. 19 at 8. A defendant can be liable under section 17200 for unlawful business practices only if the defendant violates another law. *See Ingles v. Westwood One Broad., Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005). Because Plaintiffs do not sufficiently allege any claims, any "unlawful" claim under section 17200 necessarily fails.

> 257, 106 Cal. Rptr.3d 46 (citing *Bardin*, 136 Cal. App. 4th at 1260, 39 Cal. Rptr.3d 634; *Davis*, 179 Cal. App. 4th at 594–595, 101 Cal. Rptr.3d 697)).
>
> \*          \*          \*          \*
>
> The test applied in a third line of cases draws on the definition of "unfair" in section 5 of the Federal Trade Commission Act (15 U.S.C. § 45, subd. (n)), and requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Drum*, 182 Cal. App. 4th at 257, 106 Cal. Rptr.3d 46 (citing *Davis*, 179 Cal. App. 4th 597–598, 101 Cal. Rptr.3d 697; *Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394, 1403, 48 Cal. Rptr.3d 770 (2006)).

No. CV F 10–2025 LJO SKO, 2011 WL 302803, at \*16 (E.D. Cal. Jan. 27 2011).

Plaintiffs' have not stated a claim under any of the three tests. The claims here appear to be based on what Wells Fargo did before Plaintiffs signed the Note: allegedly fraudulently misrepresenting the terms of the contract and concealing the actual terms in the Note so that Plaintiffs thought they were signing a 30-year loan with fixed monthly payments instead of an interest-only loan for 120 months that did not even cover all of the interest. As discussed in the section on the fraud claim, these allegations are not pleaded with sufficient particularity for the court to be able to conclude that Wells Fargo hid the terms of the loan from Plaintiff and thus potentially engaged in an unfair business practice under the UCL. Also, Plaintiffs allege generally that Wells Fargo improperly characterized Plaintiffs' account as delinquent to generate excessive fees, filed a false declaration in Alameda County, and thus forced Plaintiffs to pay unlawful foreclosure penalties. FAC, ¶¶ 43-45, 48. This argument presumably is based on the predicate that the actual terms of the contract were different, that Wells Fargo fraudulently concealed that, and Wells Fargo's conduct during the foreclosure proceedings thus were deceptive or unfair business tactics. *See id.* Again, without a more particularized showing as to the fraud, the court cannot conclude that Wells Fargo engaged in unfair business practices.

### b. Plaintiffs' Claims Under the UCL's "Fraudulent" Prong

To state a claim under the UCL based on fraudulent conduct, Plaintiffs must allege, with particularity, facts sufficient to establish that the public would likely be deceived by Wells Fargo's conduct. *See Perez*, 2011 WL 2809808, at \*16 (Rule 9(b)'s heightened pleading requirement applies). Bare conclusions that the "the average consumer" would likely be deceived are insufficient

C 12-02004 LB
ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
12

to state a claim under the "fraud prong" of the UCL. *See Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1255 (2009); *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1275 (2006). Plaintiffs have not met this standard because they have not explained how members of the public are likely to be deceived by the misrepresentations that Plaintiffs accuse Wells Fargo of making. Also, as discussed in the next section, Plaintiffs have not pleaded Wells Fargo's allegedly fraudulent statements with sufficient particularity.

**2. Fraud Claim**

Plaintiffs allege fraud based upon the alleged misrepresentations by the Loan Originators, and by "Wells Fargo through Atlas Financial Services." *See* FAC, ECF No. 13, ¶¶ 54-57. Wells Fargo asserts that Plaintiffs did not allege fraud with specificity, as required under Rule 9(b). Mot., ECF No. 15 at 15-16.

"A cause of action for fraud [under California law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) (quoting *Wilkins v. Nat'l Broad. Co., Inc.*, 71 Cal. App. 4th 1066, 1082 (1999)); *see also* Cal. Civ. Code § 1572.

To plead the circumstances constituting fraud with particularity under Rule 9(b), the plaintiff must state the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). The plaintiff must say what is false or misleading about a statement, why it is false, and who said it. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Perez*, 2011 WL 3809808, at *17 (citations omitted).

Plaintiffs' most specific allegations are those where they allege that they were promised a fixed-rate 30-year loan. Other than that, their allegations are general and about "promises" and misrepresentations generally. They do not identify specific statements. For example, they allege that false statements were made about pre-payment penalties that are in the loan document. *See* FAC ¶ 57(a). They do not say what the false statement was. Also, Plaintiffs do not tie Wells Fargo specifically to any particular statements or conduct and instead accuse the "Loan Originators" only

generally. They generally mention fraud "through Atlas Financial Services" but say nothing about how Wells Fargo Bank is responsible for that. FAC, ECF No. 13, ¶ 54. Also, they plead no facts establishing justifiable reliance. *See generally id.*

**3. Claim For Breach of the Implied Covenant of Good Faith and Fair Dealing**

In their third claim, Plaintiffs allege that Wells Fargo breached the implied covenant of good faith and fair dealing when it "breached the actual terms of the agreement by replacing them with [sic] Interest Only Period for 120 months" and misrepresented other loan terms. *See id.* ¶ 67.

The covenant of good faith and fair dealing is implied in every contract and prevents one party from "unfairly frustrating the other party's right to receive the benefits" of the contract. *See, e.g., Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000). To state a claim for breach of the covenant, a plaintiff must allege the following elements: (1) the plaintiff and defendant entered into a contract; (2) the plaintiff did all or substantially all that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. *See* Jud. Coun. Cal. Civ. Jury Instr. § 325 (2011); *see also Oculus Innovative Sciences, Inc. v. Nofil Corp.*, No. C 06-01686 SI, 2007 WL 2600746, at *4 (N.D. Cal. Sept. 10, 2007).[8]

In its motion to dismiss, Wells Fargo argues that Plaintiffs' good faith and fair dealing claim is based on their misunderstanding of their loan. Mot., ECF No. 15 at 15-16. Wells Fargo points out that the promissory note shows the interest-only period. *Id.* If Plaintiffs did not understand the terms of the contract, Wells Fargo argues that Plaintiffs are at fault, not Wells Fargo. *Id.*

Plaintiffs' allegations generally are about Wells Fargo's behavior before Plaintiffs signed the

---

[8] California law does not generally provide a tort remedy for breach of the implied covenant of good faith and fair dealing in ordinary situations where the parties are a lender and a borrower. *See Dubin v. BAC Home Loans Servicing*, No. C-10-05065 EDL, 2011 WL 794995, at *7-*8 (N.D. Cal. Mar. 1, 2011) (collecting cases). Unless Plaintiffs can plead enough facts to permit the court to draw a reasonable inference that their relationship with Wells Fargo had similar fiduciary characteristics to that of an insured and an insurer, a tort remedy is unavailable. *See Mitsui Mfr. Bank v. Superior Ct.*, 212 Cal. App. 3d 726, 730 (1989). As stated on page 9, that may be difficult to show because California generally does not recognize a fiduciary relationship in this context.

note. But that does not establish a claim for a breach of the implied covenant of good faith and fair dealing. A claim for breach of the covenant is based on a contract, and the covenant is that no party to the contract will do anything to deprive others of the benefits of the contract. *See Wolf v. Wells Fargo Bank, N.A.*, No. C11–01337 WHA, 2011 WL 4831208, at *4 (N.D. Cal. Oct. 12, 2011) (citing *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008)). The covenant is a "'supplement to an existing contract, and thus does not require parties to negotiate in good faith prior to any agreement.'" *Bulaoro v. Oro Real, Inc.*, C 11-03059 WHA, 2011 WL 6372458, at * 4 (N.D. Cal. 2011) (quoting *McClain*, 159 Cal. App. 4th. at 799). The pre-contract behavior can be fraudulent inducement of a contract or a UCL claim.

That seems to be what Plaintiffs really assert. Plaintiffs allege that "Defendant has breached the provisions within the NOTE and deed of trust with regard to Defendant's obligation to include actual interest rate and misrepresented the actual terms of the loan." Opp'n, ECF No. 19 at 11 (errors in original). Plaintiffs thus apparently argue that Wells Fargo has breached the contract itself and fraudulently induced them to enter into a contract. As to the first argument, Plaintiffs did not plead a breach of contract claim. As to the second argument, again, that is Plaintiffs' fraud claim, and the court has already held that Plaintiffs did not allege that claim with particularity. Plaintiffs have not otherwise identified specific contract provisions as a basis for their claim, and thus they fail to state a claim for breach of the implied covenant of good faith and fair dealing. *See id.*

**4. Declaratory Relief**

Plaintiffs' fourth claim for declaratory relief is a request for a remedy, and to assess that, the court looks to the underlying claims. *See id.* Because Plaintiffs have not alleged the underlying claims adequately, the court cannot say whether declarative relief is appropriate.

## V. CONCLUSION

The court dismisses all claims without prejudice. Plaintiffs may file an second amended complaint curing the defects identified in this Order within 21 days. This disposes of ECF No. 15.

**IT IS SO ORDERED.**

Dated: July 17, 2012

_____
LAUREL BEELER
United States Magistrate Judge