UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ROSA M. VILLEGAS, an individual; and GERARDO CHAVEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and DOES 1-20, inclusive,<br><br>Defendants._____/ | No. C 12-02004 LB<br><br>**ORDER GRANTING WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[Re: ECF No. 24] |

## I. INTRODUCTION

In April 2012, Plaintiffs Rosa M. Villegas and Gerardo Chavez sued Wells Fargo Bank, N.A.,[1] alleging that Wells Fargo violated California state law by misrepresenting and concealing the terms of their January 2008 home loan. Specifically, Plaintiffs allege that their loan broker, Atlas Financial Services ("Atlas"), told them that the documents they were signing were for a 30-year fixed-rate loan when the loan actually had a 10-year interest-only period with fixed monthly payments after which the payments would increase substantially. *See* Second Amended Complaint,

---

[1] Plaintiffs' original complaint also named Cal-Western Reconveyance Corp. as a Defendant. *See* Compl., ECF No. 1-2 at 26. Plaintiffs' First and Second Amended Complaints name only Wells Fargo Bank, N.A. and Does 1-20 as Defendants. *See* ECF Nos. 13, 23.

1  ("SAC"), ECF No. 23, ¶¶ 15, 17.[2]  Wells Fargo filed a motion to dismiss the SAC, arguing that the
2  statute of limitations bars all claims and that in any event, Plaintiffs failed to state claims under
3  Federal Rule of Civil Procedure 12(b)(6) or allege fraud with particularity under Rule 9(b).

    The court finds this matter to be suitable for determination without oral argument and vacates the September 20, 2012 hearing. *See* Civil Local Rule 7-1(b).  The court GRANTS Wells Fargo's motion and dismisses the complaint without prejudice and with leave to amend.[3]

## II.  BACKGROUND

    The relevant facts are from the SAC, the court's judicial notice of certain public records,[4] and the promissory note referenced in the SAC.[5]

    On January 25, 2008, Plaintiffs purchased property located at 15841 Via Toledo, San Lorenzo, in

---

[2] Citations are to the Electronic Case File (ECF) with pin cites to the electronic page stamps at the top of the page (as opposed to the parties' numbering at the bottom of the page).

[3] All parties have consented to the undersigned's jurisdiction. Consent (Wells Fargo), ECF No. 10; Consent (Plaintiffs), ECF No. 11.  The amount in controversy is greater than $75,000, Plaintiffs are residents of California and Wells Fargo resides in South Dakota, *see* ECF No. 1-2, and thus the court has subject-matter jurisdiction based on diversity jurisdiction. *See* 28 U.S.C. § 1332.

[4] Wells Fargo asks the court to take judicial notice of two documents, a grant deed that was recorded on January 31, 2008 in the Official Records of Alameda County as document number 2008023264, and a Trustee's Deed Upon Sale recorded on June 12, 2012 in the Official Records of Alameda County as document number 2012190670. Request for Judicial Notice Exs. A-B, ECF Nos. 25, 25-1, 25-2.  The court may take judicial notice of undisputed facts in public records like these without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011).  Plaintiffs did not object to Wells Fargo's request or challenge the authenticity of the records.

[5] The note is attached as an exhibit to Plaintiff's first complaint. *See* ECF No. 1-4 Ex. E. The court may consider documents whose authenticity is not challenged and upon which a plaintiff's complaint depends without converting a motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005).  The SAC depends upon the promissory note Plaintiffs signed in connection with their mortgage, so the court may properly take judicial notice of the facts contained in it, too. *See also Branch v. Tunnell*, 14 F.3d 449,454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

UNITED STATES DISTRICT COURT  For the Northern District of California

Alameda County, California. SAC, ECF No. 23, ¶ 9; Request for Judicial Notice ("RJN") Ex. A, ECF No. 25-1 at 2. To finance the purchase, Plaintiffs worked with Atlas, their mortgage broker, to obtain a mortgage loan funded by Wells Fargo. SAC, ECF No. 23, ¶¶ 23-24. Plaintiffs signed a Promissory Note for $341,600.00, which was secured by the Deed of Trust on the property. *Id.*

Plaintiffs variously allege that Atlas, Wells Fargo, Wells Fargo's unspecified agents, and/or Does 1 through 20 told them that the loan contained certain terms but actually, it contained very different terms. *See, e.g., id.* ¶¶ 14-20, 36 (Atlas), 31-35 (Wells Fargo), 78 (Wells Fargo and its agents), 88 (Does 1 through 20). For example, Wells Fargo allegedly told Plaintiffs that the mortgage was a fixed-rate 30-year loan with minimum monthly payments of $1,885.92 and that Plaintiffs – by paying the minimum monthly payment – would pay off the balance of the loan at the end of the 30 years (and thus would accrue equity in the property along the way). *See, e.g., id.* ¶ 31. Instead, the $1,885.92 monthly payment was only fixed for 120 months, was an "interest only" payment, did not reduce the loan principal, and did not even cover the interest that accrued on the loan. *Id.* ¶¶ 32, 35, 53. Also, at the end of the 120 months in March 2018, monthly payments would increase substantially. *Id.* ¶¶ 86, 88.

The promissory note that Plaintiffs actually signed contains the following relevant sections. *See* Ex. E to initially-filed complaint, ECF No. 1-4.

> I will make a payment every month on the first day of each month beginning on March 1, 2008. Before the first fully amortizing principal and interest payment due date, my monthly payments will be only for the interest due on the unpaid principal of the Note. The due date of my first payment including fully amortizing principal and interest is the first day of March 2018.
>
> \*          \*          \*          \*
>
> My monthly payment will be in the amount of U.S. $1,885.92, until the due date of the first fully amortizing principal and interest payment. Beginning with the first fully amortizing Principal and interest payment, my payment will be in the amount of U.S. $2,372.08
>
> \*          \*          \*          \*
>
> I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note. I may make a full Prepayment or partial Prepayments without paying a Prepayment charge.

Note, ECF No. 1-4 at 1.

Plaintiffs say that they did not understand that they were signing a note with different terms than what Atlas and Wells Fargo had promised them. SAC, ECF No 23, ¶¶ 36-40. They accuse Atlas and Wells Fargo of executing a classic bait-and-switch by promising them certain terms and then taking advantage of their "limited ability to read English," their "lack of understanding of the English language," and their "lack of knowledge of professional finance terminology" to induce them to sign the loan documents. *Id.* ¶¶ 35, 40. The documents had not been presented to Plaintiffs any time before they signed them and no one explained any of the documents to them in Spanish. *Id.* ¶ 38. The only instruction given to Plaintiffs was where to sign. *Id.* Plaintiffs signed the note because they "reasonably relied on the promises made by their broker ATLAS who was the agent of WELLS FARGO." *Id.* ¶ 36. Had Plaintiffs known that the payment amounts were fixed only for 120 months, they would not have entered into the loan. *Id.* ¶ 41.

Plaintiffs allege that Wells Fargo and Atlas misrepresented, concealed, and failed to disclose the actual terms of the loan, thereby tolling the statute of limitations. *Id.* ¶¶ 12-21. Plaintiffs first learned of the alleged fraud and misrepresentations on or about January 2012 when they retained an attorney to defend against the foreclosure of their property and that attorney reviewed the loan documents. *Id.* ¶¶ 12, 21. Plaintiffs had no reason to suspect any wrongdoing because of the existence of a fiduciary relationship with Atlas in which Plaintiffs placed a great deal of trust. *Id.* ¶ 20.

On March 19, 2012 Plaintiffs filed suit in the Superior Court for the State of California in Alameda County. *See* Compl., ECF No. 1-2 at 26. Defendants removed the action to federal court on April 23, 2012. *See* Notice of Removal, ECF No. 1-2. Wells Fargo moved to dismiss Plaintiffs' complaint on April 30, 2012. Mot., ECF No. 6. On May 21, 2012, one week after their Response was due, Plaintiffs filed their First Amended Complaint ("FAC"). *See*, FAC, ECF No. 13. Wells Fargo moved to dismiss the FAC on June 4, 2012. *See* Mot. to Dismiss FAC, ECF No. 15. On July 9, 2012 Plaintiffs filed a tardy Response to Wells Fargo's motion. *See* Response, ECF No. 19 (misfiled as a Reply). On July 17, 2012, the court granted Wells Fargo's motion to dismiss, but gave Plaintiffs leave to file an amended complaint within 21 days. *See* Order, ECF No. 22. Plaintiffs

filed their Second Amended Complaint on July 28, 2012, and Wells Fargo again moves for dismissal. *See* SAC, ECF No. 23; Mot., ECF No. 24. On September 1, 2012, Plaintiffs filed another tardy Response and Wells Fargo has not filed an optional reply. *See*, Opp'n, ECF No. 32.

### III.  LEGAL STANDARD

#### A. Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*

*v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

### B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to state-law claims grounded in fraud and requires a plaintiff to plead with particularity the circumstances constituting the fraud. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

### IV. DISCUSSION

Plaintiffs raise five state-law claims: (1) Wells Fargo's conduct is "unfair" and "fraudulent" in violation of California Business and Professions Code § 17200; (2) Wells Fargo fraudulently failed to disclose the material terms of the loan in violation of California Civil Code § 1572; (3) Wells Fargo and its agents negligently misrepresented the terms of Plaintiffs loan; (4) Wells Fargo's conduct violated its contractual obligation of good faith and fair dealing; and (5) Plaintiffs thus are entitled to declaratory relief such that the power of sale in the deed of trust should have no effect and the property should "remain in Plaintiffs' name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation." SAC, ECF No. 23 at 9-18. Wells Fargo argues that all claims are barred by the statute of limitations, Plaintiffs did not plead facts establishing that the limitations period should be tolled, and Plaintiffs' claims fail independently because they are pleaded inadequately or based on erroneous assumptions of law. Mot., ECF No. 24 at 8.

### A. Statute of Limitations

As discussed in the court's Order dismissing Plaintiff's First Amended Complaint, the statute of limitations is four years for section 17200 claims and claims asserting a breach of the implied

covenant of good faith and fair dealing. Cal. Bus. & Prof. Code § 17208; Cal. Code Civ. Proc. § 337(1). The statute of limitations for a fraud claim is three years. Cal. Code Civ. Proc. § 338(d). The statute of limitations for a negligent misrepresentation claim based on fraudulent conduct is three years.[6] *See Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1133 n.5 (N.D. Cal. 2009). The statute of limitations for a declaratory judgment cause of action is the same as the statute of limitations for the underlying cause of action. *See Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal. 2d 719, 733 (1944).

And here, Plaintiffs took their loan (and the alleged misrepresentations occurred) in January 2008, but they did not file the lawsuit until March 2012, over four years later. The statute of limitations generally runs from the date that loan documents are executed. Thus, all claims are time-barred unless Plaintiffs establish grounds for extending the statute of limitations.

Under the discovery rule, the statute of limitations does not begin to run until the plaintiff discovers (or reasonably should discover) that he has been injured. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005); *Nogart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). Similarly, the statute of limitations may be equitably tolled if the borrower – despite due diligence – has not been able to discover the fraud or non-disclosures that form the basis for the action. *See King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

In dismissing the FAC, the court found all of Plaintiffs' claims to be barred by the statute of limitations. *See* Order, ECF No. 22 at 7-10. In sum, the court held that Plaintiffs had a duty to read their loan documents before signing them. *See id.* (collecting cases). "Plaintiffs' lack of proficiency in English and lack of familiarity with finance law do not excuse them from exercising due diligence to discovery their claims." *Id.* at 8 (collecting cases). And the fact that Plaintiffs did not know about their claims until they saw a lawyer does not alter the analysis. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 873 (N.D. Cal. 2010) (rejecting equitable tolling argument and

---

[6] Where "the essence" of a negligent misrepresentation claim is negligence, rather than fraud, the statute of limitations is only two years. *See Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1133 n.5 (N.D. Cal. 2009) (citing *Ventura County Nat'l Bank v. Macker,* 49 Cal. App. 4th 1528, 1530-31 (1996)).

dismissing claims where plaintiff failed to explain why she was unable to have loan documents examined by a forensic accountant before expiration of the statute of limitations).

Plaintiffs' Second Amended Complaint contains no new facts to overcome the statute of limitations bar discussed in the court's Order dismissing the First Amended Complaint. The Second Amended Complaint fails for the same reasons. *See* Order, ECF No. 22 at 7-10.

Still, Plaintiffs' Opposition makes one new argument in support of tolling the statute of limitations. *See* Opp'n, ECF No. 32 at 4. Plaintiffs argue that the "gravamen of Plaintiffs' claims are that the Defendant committed actual fraud by conspiring to defraud them and sell them subprime loan where material terms were altered." *Id.* (errors in original). "When a civil conspiracy is properly alleged and proved, the statute of limitations does not begin to run on any part of a Plaintiffs' claims until the 'last overt act' pursuant to the conspiracy has been completed." *Id.* (quoting *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 787 (1979). Plaintiffs argue that the last overt act in the alleged conspiracy was the initiation of foreclosure procedures in January 2012. *Id.*

The court is not persuaded by Plaintiffs' civil conspiracy argument. "Under California law, to state a cause of action for conspiracy, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Cellular Plus, Inc. v. Superior Court,* 14 Cal. App. 4th 1224 (1993) (internal quotation, emphasis, and alteration omitted)). "In order to state a civil conspiracy claim, even just to toll the statute of a plaintiff must plead the elements of civil conspiracy with particularity. *Id.* Here, Plaintiffs merely state conclusory allegations of cooperation and an agency relationship between Atlas and Wells Fargo. *See* SAC, ECF No. 23, ¶¶ 10-11, 34, 61, 68-69. Plaintiffs' allegations are not supported by factual material sufficient to state a claim under Rule 8's liberal pleading standard, let alone under Rule 9(b)'s particularity requirement. Accordingly, the court rejects Plaintiffs' civil conspiracy argument, holds that the statute of limitations bars all of their claims, and GRANTS Wells Fargo's motion to dismiss.

### B. Failure to State a Claim

#### 1. Unfair Competition Law

Plaintiffs again allege that Wells Fargo violated the fraudulent and unfair prongs of California Business & Professions Code section 17200, also known as California's Unfair Competition Law. *See* SAC, ECF No. 23, ¶¶ 49-58. The court previously analyzed and rejected the FAC's section 17200 claims as predicated on their fraud claim, which was pleaded with insufficient particularity. *See* Order, ECF No. 22 at 11-12. Plaintiffs' SAC provides no new factual allegations and fails for the same reasons. *Id.*

In addition, Wells Fargo argues that Plaintiffs' section 17200 claims fail because the loan documents that Plaintiffs' signed clearly indicated that their mortgage had a ten-year interest-only period followed by higher monthly payments. Mot., ECF No. 24 at 14 (citing Compl., ECF No. 1-4 Ex. E). Wells Fargo argues that this establishes that Plaintiffs have not alleged any fraudulent or unfair business practices. *Id.* at 14-15. The court agrees and GRANTS Wells Fargo's motion to dismiss Plaintiffs' sectoin 17200 claims.

#### 2. Fraud Claim

Plaintiffs' fraud claim is also premised upon Wells Fargo and Atlas's alleged misrepresentations about the terms of the mortgage loan. *See* SAC, ECF No. 23, ¶¶ 59-71. The court dismissed Plaintiffs' previous fraud claim because it was not pleaded with particularity, noting:

> To plead the circumstances constituting fraud with particularity under Rule 9(b), the plaintiff must state the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). The plaintiff must say what is false or misleading about a statement, why it is false, and who said it. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Perez*, 2011 WL 3809808, at *17 (citations omitted).
>
> Plaintiffs' most specific allegations are those where they allege that they were promised a fixed-rate 30-year loan. Other than that, their allegations are general and about "promises" and misrepresentations generally. They do not identify specific statements. For example, they allege that false statements were made about pre-payment penalties that are in the loan document. *See* FAC ¶ 57(a). They do not say what the false statement was. Also, Plaintiffs do not tie Wells Fargo specifically to any particular statements or conduct and instead accuse the "Loan Originators" only generally. They generally mention fraud "through Atlas Financial Services" but say nothing about how Wells Fargo Bank is responsible for that. FAC, ECF No. 13, ¶ 54. Also, they plead no facts establishing justifiable reliance. *See generally id.*

Order, ECF No. 22 at 13-14.

1   Plaintiffs' SAC states no new factual allegations to overcome the infirmities identified in their
2   FAC. In the FAC, Plaintiffs referred to Wells Fargo and Atlas, jointly, as "Loan Originators." In
3   the SAC, Plaintiffs replaced "Loan Originators" with "Atlas and Wells Fargo," but provided no
4   factual details to meet the pleading requirement. Plaintiffs still fail to clearly state what Wells Fargo
5   allegedly told them. And to the extent Plaintiffs allege Atlas was acting as Wells Fargo's agent, *see*
6   SAC, ECF No. 23, ¶¶ 34-36, the court rejects Plaintiffs allegations as factually unsupported and
7   conclusory.

8   Instead, the only substantive change in the SAC is a new legal argument claiming that Plaintiffs
9   need not plead fraud with particularity because "the specific facts are within the knowledge and
10  control of WELLS FARGO." SAC, ECF No. 23, ¶ 62 (citing *Eldridge v. Tymshare, Inc.*, 186 Cal.
11  App. 3d 767, 777 (1986)).

12  In its motion to dismiss, Wells Fargo asserts that Plaintiffs' reliance on *Eldridge* is misplaced.
13  Mot., ECF No. 24 at 15-16. According to Wells Fargo, *Eldridge* represents a fact-specific departure
14  from the normal pleading rules and is inapplicable here because Plaintiffs do not point to any
15  "specific facts that are within Wells Fargo's knowledge and control." *Id.*

16  Plaintiffs do not directly respond to Wells Fargo's arguments but claim that they have met the
17  enhanced pleading burden of a fraud claim by attaching the relevant loan documents.[7] *See* Opp'n,
18  ECF No. 32 at 9 (citing *Boschma v. Home Loan Center,* Inc., 198 Cal. App. 4th 230, 248 (2011)).
19  Plaintiff's reliance on *Boschma* is misplaced. There, the plaintiff were able to satisfy the heightened
20  pleading requirement by attaching mortgage loan documents because the plaintiff alleged that those
21  documents failed to disclose key terms of the mortgage loan. *See Boschma*, 198 Cal. App. 4th at
22  249. In other words, attaching the mortgage documents satisfied the pleading requirement because
23  the mortgage instrument "provides the specific content of the allegedly false representations related
24  to negative amortization, as well as the date and place of the alleged fraud." *Id.* Here, the mortgage
25  documents do not provide any specifics as to Wells Fargo's allegedly false representations. On the

---

27  [7] Plaintiffs' statement is imprecise. They did not attach the relevant loan documents to the
28  SAC. Instead, the court takes judicial notice of the loan documents, which were attached to
    Plaintiffs' original complaint. *See* Compl., ECF No. 1-4.

1 contrary, the mortgage documents clearly and accurately disclose the interest-only period of
2 Plaintiffs' mortgage loan.

3     As previously explained, Plaintiffs needed to specifically state what Wells Fargo did, what
4 misrepresentations it made, who made those misrepresentations, and how the misrepresentations
5 were communicated to Plaintiffs. They have not done so. Accordingly, because Plaintiffs have
6 failed to plead their fraud claim with particularity, Wells Fargo's motion to dismiss Plaintiffs' fraud
7 claim is GRANTED.

### 3. Negligent Misrepresentation

9     To state a claim for negligent misrepresentation, a plaintiff must allege the following: "1) a
10 representation as to a material fact; 2) the representation is untrue; 3) the defendant made the
11 representation without a reasonable ground for believing it true; 4) an intent to induce reliance; 5)
12 justifiable reliance by the plaintiff who does not know that the representation is false; and 6)
13 damage." *Bear Stearns & Co. v. Daisy Sys. Corp.,* 97 F.3d 1171, 1180 (9th Cir.1996) (citing
14 *Masters v. San Bernardino County Employees Retirement Ass'n,* 32 Cal. App. 4th 30, 40 n.6
15 (1995)). The existence of a duty of care is necessary to support a negligent misrepresentation claim.
16 *Alfus v. Pyramid Tech. Corp.,* 745 F.Supp. 1511, 1523 (N.D. Cal.1990) ("Liability for negligent
17 misrepresentation may attach only where plaintiff establishes that defendants breached a duty owed
18 to him"); *Garcia v. Superior Court,* 50 Cal. 3d 728, 735 (1990).

19     The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading standard applies
20 to a claim for negligent misrepresentation, but most district courts in California hold that it does.
21 *See, e.g., Errico v. Pac. Capital Bank, N.A.,* 753 F. Supp. 2d 1034, 1049 (N.D. Cal. 2010)
22 ("[N]egligent misrepresentation 'sounds in fraud' and is subject to Rule 9(b)'s heightened pleading
23 standard . . . ."); *In re Easysaver Rewards Litig.,* 737 F. Supp. 2d 1159, 1176 (S.D. Cal. 2010);
24 *Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *but see Petersen*
25 *v. Allstate Indem. Co.,* 2012 U.S. Dist. LEXIS 32968, at *8–9 (C.D. Cal. Mar. 12, 2012) (finding
26 that Rule 9(b) does not apply to negligent misrepresentation claims; criticizing *Neilson* ). This court,
27 too, finds that it does.

28     Wells Fargo argues that Plaintiffs negligent misrepresentation fails because it is not pleaded with

1    sufficient particularity and because Plaintiffs have not demonstrated any facts showing that Wells
2    Fargo made an untrue representation of a material fact or that Plaintiffs justifiably relied on such a
3    misrepresentation. *See* Mot., ECF No. 24 at 16.  Plaintiffs do not respond to Wells Fargo's
4    argument.  Regardless, the court agrees that Plaintiffs have not pleaded their negligent
5    misrepresentation claim with sufficient particularity and GRANTS Wells Fargo's motion to dismiss
6    this claim.

**4. Claim For Breach of the Implied Covenant of Good Faith and Fair Dealing**

In their fourth claim, Plaintiffs allege that Wells Fargo breached the implied covenant of good faith and fair dealing by not disclosing the interest-only period of the loan. *See* SAC, ECF No. 23, ¶¶ 85-91.  Plaintiffs' SAC contains the same insufficient factual allegations that the court rejected in the FAC. *Compare id. with* FAC, ECF No. 13, ¶¶ 64-70.

Similarly, Plaintiffs' opposition brief merely restates, verbatim, the argument that the court previously rejected: "Defendant has breached the provisions within the NOTE and deed of trust with regard to Defendant's obligation to include actual interest rate and misrepresented the actual terms of the loan." *Compare* Opp'n, ECF No. 19 at 11 (errors in original) *with* Opp'n, ECF No. 32 at 11 (original errors repeated).  As the court previously stated:

> Plaintiffs thus apparently argue that Wells Fargo has breached the contract itself and fraudulently induced them to enter into a contract.  As to the first argument, Plaintiffs did not plead a breach of contract claim.  As to the second argument, again, that is Plaintiffs' fraud claim, and the court has already held that Plaintiffs did not allege that claim with particularity.  Plaintiffs have not otherwise identified specific contract provisions as a basis for their claim, and thus they fail to state a claim for breach of the implied covenant of good faith and fair dealing. *See id.*

Order, ECF No. 22 at 15.  Accordingly, for the same reasons set forth in the court's prior Order, the court again GRANTS Wells Fargo's motion to dismiss Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing.

**5. Declaratory Relief**

Plaintiffs' fifth claim for declaratory relief is a request for a remedy, and to assess that, the court looks to the underlying claims. *See Rosenfeld v. JPMorgan chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010).  Because Plaintiffs have not alleged their underlying claims adequately, the court cannot say whether declarative relief is appropriate and GRANTS Wells Fargo's motion to

dismiss this claim.

## C. <u>Leave to Amend</u>

Finally, Plaintiffs request that they be given another chance to amend their pleadings to adequately state their claims. *See* Opp'n, ECF No. 32 at 4. Plaintiffs did not cure the deficiencies about equitable tolling that the court identified in the previous order. In particular, the court cited all of th cases about language issues, a party's duty to read the terms of a contract (regardless of language skills, and the requirement of due diligence. Plaintiffs made no new allegations to address the deficiencies (and even added in that they requested "the negotiations and loan documents be translated in Spanish," SAC ¶ 25, but then signed the documents anyway). And they pled no facts during the four-year period that followed the signing of the contract to show due diligence.

Given the liberal standards for granting leave to amend, the court will afford one more opportunity to cure the deficiencies identified in this order and the last order. Accordingly, the court GRANTS Wells Fargo's motion to dismiss all of Plaintiffs' claims WITHOUT PREJUDICE.

## V.  CONCLUSION

The court dismisses all claims without prejudice. Plaintiffs may file an amended complaint curing the deficiencies within 21 days. This disposes of ECF No. 24.

**IT IS SO ORDERED.**

Dated: September 17, 2012

_____
LAUREL BEELER
United States Magistrate Judge