UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8            UNITED STATES  DISTRICT COURT
9             Northern District of California
10              San Francisco Division

11   ROSA M. VILLEGAS, an individual; and          No. C 12-02004 LB
     GERARDO CHAVEZ, an individual,
12                                                 **ORDER GRANTING WELLS FARGO**
                    Plaintiffs,                    **BANK, N.A.'S MOTION TO DISMISS**
13                                                 **PLAINTIFFS THIRD AMENDED**
           v.                                      **COMPLAINT**
14
     WELLS FARGO BANK, N.A., a United              [ECF No. 35]
15   States Corporation; CAL-WESTERN
     RECONVEYANCE CORPORATION, a
16   California Corporation; and DOES 1-20,
     inclusive,
17
                    Defendants.
18   _____/

19                         **I.  INTRODUCTION**

20        In April 2012, Plaintiffs Rosa M. Villegas and Gerardo Chavez sued Wells Fargo Bank, N.A.,[1]

21   alleging that Wells Fargo violated California state law by misrepresenting and concealing the terms

22   of their January 2008 home loan.  Specifically, Plaintiffs allege that "LOAN ORIGINATORS," a

23   term that refers collectively to Wells Fargo and Plaintiffs' loan broker, Atlas Financial Services

24   ("Atlas"), told them that the documents they were signing were for a 30-year fixed-rate loan when

25

26        [1]  Plaintiffs' original complaint also named Cal-Western Reconveyance Corp. as a
27   Defendant. *See* Compl., ECF No. 1-2 at 26.  Plaintiffs' First, Second, and Third Amended
     Complaints named only Wells Fargo Bank, N.A. and Does 1-20 as Defendants. *See* ECF Nos. 13,
28   23, 34.

C 12-02004 LB
ORDER DISMISSING COMPLAINT

1  the loan actually had a 10-year interest-only period with fixed monthly payments after which the

2  payments would increase substantially.  *See* Third Amended Complaint, ("TAC"), ECF No. 34,

3  ¶¶ 15, 17.[2]  Wells Fargo filed a motion to dismiss the TAC, arguing that the statute of limitations

4  bars all claims and that in any event, Plaintiffs failed to state claims under Federal Rule of Civil

5  Procedure 12(b)(6) or allege fraud with particularity under Rule 9(b).  *See* Mot., ECF No. 35.

6      Having given Plaintiffs' multiple opportunities to amend their claims, the court GRANTS Wells

7  Fargo's motion and dismisses the complaint with prejudice and without leave to amend.[3]

## II.  BACKGROUND

9      The relevant facts are from the Third Amended Complaint and the promissory note referenced in

10  the First Amended Complaint.[4]  On January 25, 2008, Plaintiffs purchased property located at 15841

11  Via Toledo, San Lorenzo, in Alameda County, California.  TAC, ECF No. 34, ¶ 9.  To finance the

12  purchase, Plaintiffs worked with Atlas, their mortgage broker, to obtain a mortgage loan funded by

13  Wells Fargo.  *Id.* ¶¶ 22-23.  Plaintiffs signed a Promissory Note for $341,600.00, which was secured

14  by the Deed of Trust on the property.  *Id*. ¶ 13.  Plaintiffs variously allege that Atlas, Wells Fargo,

15  Wells Fargo's unspecified agents, and/or Does 1 through 20 told them that the loan contained certain

16  terms but actually, it contained very different terms.  *See, e.g., id*. ¶¶ 14-20, 34 (Atlas), 25 (Wells

17  Fargo).  For example, the Loan Originators allegedly told Plaintiffs that the mortgage was a

18  fixed-rate 30-year loan with minimum monthly payments of $1,885.92 and that Plaintiffs - by

19  paying the minimum monthly payment - would pay off the balance of the loan at the end of the 30

20

21

22      [2]  Citations are to the Electronic Case File (ECF) with pin cites to the electronic page stamps at the top of the page (as opposed to the parties' numbering at the bottom of the page).

23

24      [3]  The court finds this matter suitable for disposition without a hearing.  *See* Civil Local Rule 7-2.

25      [4]  The note is attached as an exhibit to Plaintiff's first complaint.  *See* ECF No. 1-4 Ex. E.

26  The court may consider documents whose authenticity is not challenged and upon which a plaintiff's complaint depends without converting a motion to dismiss into a motion for summary judgment.

27  *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005).  *See Branch v. Tunnell*, 14 F.3d

28  449,454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
For the Northern District of California

1 years (and thus would accrue equity in the property along the way). *See, e.g., id*. ¶ 57.  Instead, the

2 $1,885.92 monthly payment was only fixed for 120 months, was an "interest only" payment, did not

3 reduce the loan principal, and did not even cover the interest that accrued on the loan. *Id*. ¶ 43.

4    The promissory note that Plaintiffs actually signed contains the following relevant sections. *See*

5 Ex. E to initially-filed complaint, ECF No. 1-4.

6       I will make a payment every month on the first day of each month beginning on
        March 1, 2008.  Before the first fully amortizing principal and interest payment due
7       date, my monthly payments will be only for the interest due on the unpaid principal
        of the Note.  The due date of my first payment including fully amortizing principal
8       and interest is the first day of March 2018.

9            *            *            *            *

10      My monthly payment will be in the amount of U.S. $1,885.92, until the due date of
        the first fully amortizing principal and interest payment.  Beginning with the first
11      fully amortizing Principal and interest payment, my payment will be in the amount of
        U.S. $2,372.08

12           *            *            *            *

13
        I have the right to make payments of Principal at any time before they are due.  A
14      payment of Principal only is known as "Prepayment."  When I make a Prepayment, I
        will tell the Note Holder in writing that I am doing so.  I may not designate a payment
15      as a Prepayment if I have not made all the monthly payments due under the Note.
        I may make a full Prepayment or partial Prepayments without paying a Prepayment
16      charge.

17 Note, ECF No. 1-4 at 1.

18    Plaintiffs allege that they did not understand that they were signing a note with different terms

19 than what Atlas and Wells Fargo had promised them.  TAC, ECF No 34, ¶ 29.  They accuse Atlas

20 and Wells Fargo of executing a classic bait-and-switch by promising them certain terms and then

21 taking advantage of their "lack of understanding of the English language," and their "lack of

22 knowledge of professional finance terminology" to induce them to sign the loan documents. *Id*.

23 ¶¶ 21, 26.  The documents had not been presented to Plaintiffs any time before they signed them and

24 no one explained any of the documents to them in Spanish. *Id*. ¶ 24.  The only instruction given to

25 Plaintiffs was where to sign. *Id*.  In paragraph 34 of the TAC, Plaintiffs assert that "their [Atlas]

26 broker spoke Spanish and assured them of the terms of their loan."  Plaintiffs signed the note

27 because they "reasonably relied on the promises made by their broker ATLAS." *Id*. ¶ 22.  Had

28 Plaintiffs known that the payment amounts were fixed only for 120 months, they would not have

C 12-02004 LB
ORDER DISMISSING COMPLAINT

UNITED STATES DISTRICT COURT
For the Northern District of California

1    entered into the loan.  *Id*. ¶ 41.

2        Plaintiffs allege that Wells Fargo and Atlas misrepresented, concealed, and failed to disclose the

3    actual terms of the loan, thereby tolling the statute of limitations.  *Id*. ¶¶ 14-33.  Plaintiffs first

4    learned of the alleged fraud and misrepresentations on or about January 2012 when they retained an

5    attorney to defend against the foreclosure of their property and that attorney reviewed the loan

6    documents.  *Id*. ¶ 33.  Plaintiffs had no reason to suspect any wrongdoing because of the existence of

7    a fiduciary relationship with Atlas in which Plaintiffs placed a great deal of trust.  *Id*. ¶ 34.

8        On March 19, 2012 Plaintiffs filed suit in the Superior Court for the State of California in

9    Alameda County.  *See* Compl., ECF No. 1-2 at 26.  Defendants removed the action to federal court

10   on April 23, 2012.  *See* Notice of Removal, ECF No. 1-2.  Wells Fargo moved to dismiss Plaintiffs'

11   complaint on April 30, 2012.  Mot., ECF No. 6.  On May 21, 2012, one week after their Response

12   was due, Plaintiffs filed their First Amended Complaint.  *See* First Amended Complaint ("FAC"),

13   ECF No. 13.  Wells Fargo moved to dismiss the First Amended Complaint on June 4, 2012.  *See*

14   Mot., ECF No. 15.  On July 9, 2012 Plaintiffs filed a tardy Response to Wells Fargo's motion.  *See*

15   Opp'n, ECF No. 19 (misfiled as a Reply).  On July 17, 2012, the court granted Wells Fargo's motion

16   to dismiss, but gave Plaintiffs leave to file an amended complaint within 21 days.  *See* Order, ECF

17   No. 22.  Plaintiffs filed their Second Amended Complaint on July 28, 2012, and Wells Fargo moved

18   for dismissal.  *See* Second Amended Complaint ("SAC"), ECF No. 23; Mot., ECF No. 24.  On

19   September 17, 2012, the court granted Wells Fargo's motion to dismiss, and gave Plaintiffs leave to

20   amend complaint within 21 days.  *See* Order, ECF No. 33.  On October 16, 2012, past the 21 day

21   deadline, Plaintiffs filed their TAC, and Wells Fargo moves again for dismissal.  *See* TAC, ECF No.

22   34; Mot., ECF No. 35.

23                                **III.  LEGAL STANDARD**

24   **A.  <u>Federal Rules of Civil Procedure 8(a) and 12(b)(6)</u>**

25       Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that

26   the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a

27   defendant with "fair notice" of the claims against it and the grounds for relief.  *See Bell Atlantic*

28   *Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

UNITED STATES DISTRICT COURT
For the Northern District of California

1    To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

2  true, to state a claim for relief that is plausible on its face.  *See id.*  "A claim has facial plausibility

3  when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

4  the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

5  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

6  possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While

7  a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

8  a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

9  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

10  Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly,*

11  550 U.S. at 555 (internal citations and parentheticals omitted).

12    In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

13  and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus,* 551

14  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In

15  addition, courts may consider documents attached to the complaint.  *Parks School of Business, Inc.*

16  *v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).  If the court dismisses the

17  complaint, it should grant leave to amend even if no request to amend is made "unless it determines

18  that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

19  F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California*

20  *Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party repeatedly fails to cure

21  deficiencies, the court may order dismissal without leave to amend.  *See Ferdik v. Bonzelet*, 963

22  F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had

23  instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to

24  amend).

25  **B.  Federal Rule of Civil Procedure 9(b)**

26    Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to state-law claims

27  grounded in fraud and requires a plaintiff to plead with particularity the circumstances constituting

28  the fraud.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged

UNITED STATES DISTRICT COURT
For the Northern District of California

1  generally.  "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of

2  the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

3  Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they

4  must defend.  *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

5  **IV.  DISCUSSION**

6      Wells Fargo moves to dismiss Plaintiffs' claims as barred by the statute of limitations, and for

7  failure to state any claim upon which relief can be granted.[5]  Mot., ECF No. 35 at 8.  Plaintiffs'

8  oppose Wells Fargo's motion but do not make any arguments that the court has not already rejected.

9  **A.  Statute of Limitations**

10      As discussed in the court's Order dismissing Plaintiff's Second Amended Complaint, the statute

11  of limitations is four years for section 17200 claims and claims asserting a breach of the implied

12  covenant of good faith and fair dealing.  Cal. Bus. & Prof. Code § 17208; Cal. Code Civ. Proc.

13  § 337(1).  The statute of limitations for a fraud claim is three years.  Cal. Code Civ. Proc. § 338(d).

14  The statute of limitations for a negligent misrepresentation claim based on fraudulent conduct is

15  three years.  *See Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1133 n.5 (N.D. Cal. 2009).  The

16  statute of limitations for a declaratory judgment cause of action is the same as the statute of

17  limitations for the underlying cause of action.  *See Maguire v. Hibernia Savings & Loan Soc.*, 23

18  Cal. 2d 719, 733 (1944).

19      The court dismissed the First and Second amended complaints, in part, on statute of limitations

20  grounds.  *See* ECF Nos. 22, 33.  The court dismissed the First Amended Complaint because their

21  claims were untimely and because Plaintiffs did not allege any facts supporting tolling.  *See* Order,

22  ECF No. 22 at 7-10.  In sum, the court held that Plaintiffs had a duty to read their loan documents

23

24      [5]  Wells Fargo requests that the Court take judicial notice of two documents: 1)
Exhibit A: A true and correct copy of the Grant Deed recorded on January 31, 2008 in the Official

25  Records of Alameda County as document number 2008023264; and 2) Exhibit B: A true and correct
copy of the Trustee's Deed Upon Sale recorded on June 12, 2012 in the Official Records of Alameda

26  County as document number 2012190670.  *See* Def.'s Request for Judicial Notice, ECF No. 36.

27  Plaintiffs dispute the contents of these documents and challenge Wells Fargo's use of them.  Opp'n,
ECF No. 38 at 4-5.  Because the court disposes of Wells Fargo's motion without relying on either

28  document, Wells Fargo's request for judicial notice is DENIED AS MOOT.

C 12-02004 LB
ORDER DISMISSING COMPLAINT

UNITED STATES DISTRICT COURT
For the Northern District of California

1   before signing them. *See id.* (collecting cases). Still, the court granted Plaintiffs leave to amend

2   additional facts to cure this deficiency. *Id.* at 15. The Second Amended Complaint failed to cure the

3   deficiencies. *See* Order, ECF No. 33 at 8. The court also rejected Plaintiffs' new civil conspiracy

4   argument. *Id.*

5        Plaintiffs' Third Amended Complaint fails for the same reasons. It contains no new factual

6   allegations to establish tolling. While Wells Fargo's latest motion again raises the statute of

7   limitations argument, Mot., ECF No. 35 at 11-12, Plaintiffs' opposition fails to substantively address

8   the issue. *See* ECF No. 38 2. Because Plaintiffs have made no effort to remedy the deficiencies

9   previously identified, the court's GRANTS Wells Fargo's motion to dismiss for the reasons stated in

10  the court's previous orders. *See* ECF Nos. 22 at 7-10; ECF No. 33 at 7-9.

11       Because the court disposes of all of Plaintiffs' claims on statute of limitations grounds, it need

12  not reach the question of whether Plaintiffs' claims are adequately pleaded. In any event, the court

13  finds that Plaintiffs have failed to state any new factual allegations to overcome the deficiencies

14  identified with respect to the first and second amended complaints.[6] In particular, the court provided

15  a detailed analysis of why the lender's representations to Spanish-speaking borrowers did not

16  establish equitable tolling. 7/17/12 Order, ECF No. 22 at 9-10 (distinguishing *Galindo v. Financo*

17  *Fin., Inc.*, No. C 07-03991 WHA, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008)). In the

18  alternative, for the reasons discussed in the court's previous orders, ECF Nos. 22 and 33, the court

19  GRANTS Wells Fargo's motion to dismiss for failure to state a claim.

20  **B. Leave to Amend**

21       Finally, Plaintiffs request that they be given another chance to amend their pleadings to

22  adequately state their claims. *See* Opp'n, ECF No. 38 at 12. Plaintiffs did not cure any of the

23

24

25       [6] In opposition to the motion to dismiss, Plaintiffs make a new argument that Wells Fargo's
     "practice of applying improper fees and taxes as well as applying payments to the interest of the loan

26  caused the principle [sic] balance to grow while payments were not being applied to the principle
     [sic]. Opp'n, ECF No. 38 at 11 (citing TAC ¶ 67a-f). The cited paragraphs do not reveal the scheme

27  described by Plaintiffs. Instead, the TAC merely alleges that Wells Fargo applied Plaintiffs'
     payments in a manner consistent with the terms of the interest-only instrument that they signed.

28  Accordingly, the court rejects this new argument as a basis for liability.

C 12-02004 LB
ORDER DISMISSING COMPLAINT

1    deficiencies identified in the court's previous orders.  Plaintiffs have had four opportunities to state a

2    valid claim but they have not done so.  Accordingly, the court denies leave to amend.

3                                              **V.  CONCLUSION**

4        The court dismisses all of Plaintiffs' claims with prejudice.

5        This disposes of ECF No. 35.

6        **IT IS SO ORDERED.**

7    Dated: December 1, 2012

8                                                          LAUREL BEELER
                                                          United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

C 12-02004 LB
ORDER DISMISSING COMPLAINT

8